[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10349
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20693-UU-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVIER DIAZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 10, 2017)

Before MARCUS, WILLIAM PRYOR and FAY, Circuit Judges.

PER CURIAM:

Davier Diaz appeals his sentence of imprisonment for 80 months following his guilty plea to being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1). Diaz contends that the district court erred in calculating his sentencing range when it relied on the residual clause of section 4B1.2(a) of the Sentencing Guidelines to conclude that his prior convictions in Florida of burglary of an unoccupied dwelling qualified as crimes of violence. He argues that the residual clause of section 4B1.2(a)(2) is unconstitutionally vague.  We affirm.

The district court committed no error. Diaz's argument is foreclosed by the recent decision of the Supreme Court in *Beckles v. United States*, 137 S. Ct. 886, 890 (2017), and our earlier decision in *United States v. Matchett*, 802 F.3d 1185, 1194–95 (11th Cir. 2015). In *Beckles*, the Supreme Court affirmed this Court and ruled, as we had in *Matchett*, that the residual clause of section 4B1.2(a)(2) was not unconstitutionally vague because the Sentencing Guidelines are not subject to challenges for vagueness under the Due Process Clause of the Fifth Amendment. *Beckles*, 137 S. Ct. at 890, 895. In *Matchett*, we also determined that a prior conviction for burglary of an unoccupied dwelling under Florida law, Fla. Stat. § 810.02(1)(b), (3)(b), was a "crime of violence" under the residual clause of section 4B1.2(a)(2). 802 F.3d at 1196–97. We affirm Diaz's sentence.

**AFFIRMED.**